UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARLENE ROCHLIN, individually and on behalf of all other similarly situated employees,<br><br>        Plaintiffs,<br><br>  v.<br><br>CINCINNATI INSURANCE COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:00-cv-1898-DFH-TAB<br>)<br>)<br>)<br>)<br>) |

ENTRY ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Defendant intends to take the depositions of all individual plaintiffs who have joined the collective action under the Equal Pay Act. Plaintiffs have moved for a protective order that would (a) limit the time of such depositions to three hours and (b) require defendant to pay some of the individual plaintiffs' travel expenses.

I.    *Time Limit*

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides a time limit for depositions of one day of seven hours. The limit may be modified by agreement or court order. Plaintiffs contend that three hours should be sufficient for

defendant's depositions of the individual plaintiffs. Defendant disagrees and is unwilling to agree to the shorter limit in advance.

Plaintiffs have not persuaded the court at this point that there is a need for a limit shorter than the seven hours established by Rule 30(d)(2). Defendant is not required to rely solely on written discovery; it is entitled to take oral depositions. If some early experience with the planned depositions shows that defendant is wasting time, the court will reconsider the time limit issue. Similarly, if seven hours turns out not to be sufficient, the court will also reconsider.

In support of a limit, plaintiffs have submitted an excerpt from the deposition of plaintiff June Datena in which she was asked about matters relating to her divorce and child custody disputes. Ms. Datena is asserting claims for emotional damages under Title VII of the Civil Rights Act of 1964. When a party seeks emotional damages, a defendant is entitled to explore other possible causes for emotional distress in the person's life, even where those matters may be deeply personal and may not otherwise seem relevant to the subject matter of the lawsuit. See, *e.g.*, *Merriweather v. Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 581 (7th Cir. 1996) (discounting emotional damage award in light of evidence that plaintiff had experienced death of father and eviction from apartment, in addition to job-related stress). A party is also entitled to explore an opponent's credibility by seeking evidence such as prior findings of courts that a person has not been truthful with the court. At the same time, if it appears that defendant

is pursuing such topics with plaintiffs who are not seeking emotional damages, or as to which there is no reasonable basis to expect discovery of admissible evidence, the court may need to reconsider the need for limits on depositions.

II.     *Travel Expenses*

The individual deponents live in 18 different states. Defendant has left to plaintiffs the choice of locations for their depositions. Plaintiffs' counsel have tried to arrange for depositions in several central locations, balancing cost and convenience for the plaintiffs and for counsel.

Plaintiffs seek to have the court order defendant to pay the reasonable travel expenses for the individual plaintiffs who travel to the central locations. Plaintiffs have cited cases in which courts considered costs in ordering where depositions should be taken. See, *e.g.*, *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D. Ind. 2000) (ordering defense witnesses to appear in United States for depositions but ordering plaintiffs to pay half of witnesses' travel costs from Japan); *Grygent-Green v. Night Rider Overnight Copy Service*, 1997 WL 269579 (E.D. Pa. 1997) (ordering that deposition be taken in Philadelphia and that parties split witness's travel costs from Chicago).

The ordinary practice of course is that each side bears its own travel expenses during litigation, subject in some cases to cost-shifting in favor of the

prevailing party. The court finds no unusual circumstances here that would justify a change from the usual practice. Defendant is allowing plaintiffs to choose where the depositions will occur. Plaintiffs and their counsel may consider costs in choosing locations, but there is no reason to require defendant to share any portion of those costs.

Accordingly, plaintiffs' motion for a protective order regarding depositions is hereby denied. Each side shall bear its own costs associated with the motion.

So ordered.

Date: September 12, 2005

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Deborah S. Adams
FROST BROWN TODD LLC
dadams@fbtlaw.com

Carolyn Ann Clay
PRICE WAICUKAUSKI RILEY & DEBROTA
cclay@price-law.com

Amy Ficklin DeBrota
PRICE WAICUKAUSKI RILEY & DEBROTA
adebrota@price-law.com

Jennifer L. Graham
jenniferlgraham@sbcglobal.net

Jack B. Harrison
FROST BROWN & TODD LLC

jharrison@fbtlaw.com

Alan L. McLaughlin
BAKER & DANIELS
alan.mclaughlin@bakerd.com

Katherine Cook Morgan
FROST BROWN & TODD LLC
kmorgan@fbtlaw.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com

David A. Skidmore Jr.
FROST BROWN & TODD LLC
dskidmore@fbtlaw.com

Jana K. Strain
PRICE WAICUKAUSKI RILEY & DEBROTA
jstrain@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com