UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARLENE ROCHLIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:00-cv-1898-DFH-TAB |
| | ) |
| CINCINNATI INSURANCE CO., | ) |
| A SUBSIDIARY OF CINCINNATI | ) |
| FINANCIAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON MOTION TO QUASH SUBPOENA TO PROCLAIM AMERICA

Plaintiffs filed on January 10, 2006 a motion to quash the defendant's non-party subpoena directed to one plaintiff's subsequent employer, Proclaim America. The motion is denied for failure to comply with this court's Local Rule 37.1, which requires opposing counsel to meet and confer on discovery disputes before such disputes are presented to the court by way of motion.

The court has the discretion to overlook failures to comply, such as where it is obvious that such a conference would be futile. See, *e.g.*, *Knauf Fiber Glass GmbH v. CertainTeed Corp.*, No. 1:02-cv-1215, Entry on Motion to Compel, n.1 (S.D. Ind. Feb. 2, 2006) (motion sought discovery of privileged documents on basis of crime-fraud exception to privilege); *Kobelco Metal Powder of America, Inc. v. The Energy Cooperative, Inc.*, 2001 WL 1397311, *1-2 (S.D. Ind. Oct. 30, 2001)

(sufficient communications between counsel showed that further discussion would be futile).

Here it is far from clear that further discussion would be futile. Plaintiffs' reply brief seeks to explain the failure to meet and confer on the ground that Proclaim America's counsel had already objected to the subpoena. In other words, the reply brief indicates there had been *no* direct communication on this topic between the opposing counsel. In addition, plaintiffs' original motion focused on one subpoena issued to one plaintiff's one subsequent employer. Plaintiffs' reply brief seeks to broaden the issue so as to quash subpoenas to "all Plaintiffs' subsequent employers after their employment ended with CIC." (Proposed order tendered with reply brief.) It would not be fair to address the issue on such a broad basis when that scope was first raised in the reply brief.

The denial is without prejudice to renewal if the parties are unable to reach agreement on the subject.

So ordered.

Date: February 3, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Deborah S. Adams
FROST BROWN TODD LLC
dadams@fbtlaw.com

Carolyn Ann Clay
PRICE WAICUKAUSKI RILEY & DEBROTA
cclay@price-law.com

Amy Ficklin DeBrota
PRICE WAICUKAUSKI RILEY & DEBROTA
adebrota@price-law.com

Jennifer L. Graham
jenniferlgraham@sbcglobal.net

Jack B. Harrison
FROST BROWN & TODD LLC
jharrison@fbtlaw.com

Alan L. McLaughlin
BAKER & DANIELS
alan.mclaughlin@bakerd.com

Katherine Cook Morgan
FROST BROWN & TODD LLC
kmorgan@fbtlaw.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com

David A. Skidmore Jr.
FROST BROWN & TODD LLC
dskidmore@fbtlaw.com

Jana K. Strain
PRICE WAICUKAUSKI RILEY & DEBROTA
jstrain@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com