UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARLENE ROCHLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:00-cv-1898-DFH-TAB |
| ) | |
| CINCINNATI INSURANCE CO., ) | |
| A SUBSIDIARY OF CINCINNATI ) | |
| FINANCIAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTION TO FILE THIRD AMENDED COMPLAINT
AND RELATED MATTERS

Plaintiffs have filed a motion for leave to file a third amended complaint. (Docket No. 3 on the electronic docket.) While that motion was pending, plaintiffs filed a motion for leave to file a substitute third amended complaint. (Docket No. 5.) While both motions were pending, plaintiffs then filed a motion for leave to file additional evidence in support by submitting a report from a mathematician who has analyzed pay information. (Docket No. 123.) Defendant opposes all three motions. As explained below, all three of plaintiffs' motions are denied.

The case has been set for trial, at long last, later this year in October 2006. In the spring of 2005, the court and the parties conferred on a new case management plan to set that date and to prepare for it adequately. The current version of the complaint has nine individual plaintiffs asserting Title VII claims of

sex discrimination in promotion decisions and a larger group of dozens of other plaintiffs asserting Equal Pay Act claims in a collective action.  (Some individual plaintiffs who joined the collective action have later been granted leave to withdraw from the case.)

The proposed Third Amended Complaint seeks to add Title VII claims on behalf of many of the Equal Pay Act plaintiffs who have joined the action.  None of those plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission.  After defendant filed a response in opposition to the proposed Third Amended Complaint, plaintiffs filed a motion for leave to file a proposed substitute Third Amended Complaint making clearer that the Title VII claims are based on a disparate impact theory.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires," but leave to amend is not automatic.  *Johnson v. Methodist Medical Ctr. of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993) (affirming denial of leave to file third amended complaint). Leave to amend should be granted under Federal Rule of Civil Procedure 15(a) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); accord,

*Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (affirming denial of leave to amend); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992) (same).

In this case, the proposed versions of the Third Amended Complaint reflect undue delay and would cause undue prejudice to the defendant.

To explain, the court originally certified a plaintiff class under Title VII. Defendant moved for reconsideration, arguing that the court's class certification decision had been based on a mistaken view of how its business was organized. After further discovery, the court granted the motion to reconsider and vacated the class certification on the Title VII claims. The court allowed the case to proceed as a collective action on Equal Pay Act claims using the applicable opt-in procedures. *Rochlin v. Cincinnati Ins. Co.*, 2003 WL 21852341 (S.D. Ind. July 8, 2003). Along these lines, it is worth noting that in the decision of July 8, 2003, the court also granted leave to file the Second Amended Complaint, which added one plaintiff (June Datena) asserting a Title VII claim who had not filed her own EEOC charge. The court allowed the addition of Datena primarily because she had been a member of the previously certified class. While that class was seeking certification and while it was certified, she could rely on the EEOC charges and claims of others.

Plaintiffs suggest that both versions of the Third Amended Complaint seek essentially comparable relief. When the court de-certified the class in 2003,

however, time limits for members of the former class were no longer tolled. The Title VII claims of the additional plaintiffs appear to be time-barred.

At a more fundamental level, the plaintiffs' versions of the Third Amended Complaint seek to reinstate the Title VII class and to fundamentally recast this case four and a half years after it was filed. There are serious questions as to whether the case is manageable without the amendment. With the amendment it would clearly become unmanageable. The case would become an umbrella for an even greater number of individualized claims of discrimination in individual promotion decisions. Although plaintiffs seek to approach those issues on a class basis, alleging discriminatory policies, or at least policies with disparate impacts, it would still be necessary to examine each individual promotion decision and the reasons defendant made each decision.

Plaintiffs' undue delay must also be noted. Plaintiffs argue that the Third Amended Complaint was prompted by information from the opt-in plaintiffs who joined the Equal Pay Act collective action. The opt-ins occurred in the autumn of 2003. Plaintiffs did not seek to add their Title VII claims to the case until July 2005, nearly two years later.

The potential prejudice to defendant is plain here. By the time plaintiffs sought leave to file the Third Amended Complaint, defendant had been defending itself for four and a half years in this case. The plaintiffs' motion seeks to change

the nature of the case again.  Defendants are entitled to a more stable and less mobile target.

Plaintiffs' motion for leave to supplement the briefing with evidence (Docket No. 123) is also denied.  The proposed additional evidence is a study done by a mathematics professor in support of plaintiffs' new disparate impact theory.  The court assumed that plaintiffs had what they believed would be a factual basis for pursuing their new theory.  The basic problem, though, is that the new theory (or the revived class theory) comes too late and seeks to undo much of the work already done on this case.

Accordingly, the court hereby denies plaintiffs' motion for leave to file a third amended complaint (Docket No. 3), their motion for leave to file a substituted third amended complaint (Docket No. 5), and their motion for leave to file additional evidence in support of their motion for leave to file a substituted third amended complaint (Docket No. 123).

So ordered.

Date: March 31, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Deborah S. Adams
FROST BROWN TODD LLC
dadams@fbtlaw.com

Carolyn Ann Clay
PRICE WAICUKAUSKI RILEY & DEBROTA
cclay@price-law.com

Amy Ficklin DeBrota
PRICE WAICUKAUSKI RILEY & DEBROTA
adebrota@price-law.com

Jennifer L. Graham
jenniferlgraham@sbcglobal.net

Jack B. Harrison
FROST BROWN & TODD LLC
jharrison@fbtlaw.com

Alan L. McLaughlin
BAKER & DANIELS
alan.mclaughlin@bakerd.com

Katherine Cook Morgan
FROST BROWN & TODD LLC
kmorgan@fbtlaw.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com

David A. Skidmore Jr.
FROST BROWN & TODD LLC
dskidmore@fbtlaw.com

Jana K. Strain
PRICE WAICUKAUSKI RILEY & DEBROTA
jstrain@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com