UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARLENE ROCHLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:00-cv-1898-DFH-TAB |
| ) | |
| CINCINNATI INSURANCE CO., ) | |
| A SUBSIDIARY OF CINCINNATI ) | |
| FINANCIAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ORDER REGARDING SEALED FILINGS

On April 3, 2006, defendant filed its motion to maintain under seal an exhibit filed in support of its *Daubert* motion to exclude expert testimony of Dr. Jerry Goldman. (Docket No. 398.) There are many similar motions related to defendant's recently filed motions for summary judgment.

Defendant's motion is consistent with the terms of the existing orders, but it is clear that there is no longer any legitimate basis for keeping the document under seal. The document in question reflects plaintiff Rochlin's salary and bonus history from 1997 to 2001. Rochlin asserts that her compensation with the result of sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act. In other words, the supposedly confidential document is at the

very core of the relevant evidence. The information was never a trade secret and is now more than four years old.

In *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348-49 (7th Cir. 2006), the Seventh Circuit reminded the bench and bar of the importance of keeping the judicial process within public view. See also *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (remanding for review of overly broad protective order). The court understands that parties may wish to keep exchanges of information in discovery private. But as this case moves into the summary judgment and trial phases, the public interest in access to the evidence takes on much greater weight. The court also recognizes that information about compensation and employee evaluations is treated as private and sensitive in our culture and in most workplaces. When that information becomes the central evidence in a lawsuit in public courts, however, it no longer requires or deserves confidentiality. The court believes this reasoning applies to information regarding not only the plaintiffs, but also other employees used by either side for comparison.

Accordingly, defendant's motion (Docket No. 398) is denied, and the exhibit in question shall be part of the public file. The court expects to take similar action in the near future on other matters tendered under seal. Counsel shall confer and may file joint or separate statements **no later than April 20, 2006** regarding the unsealing of such information.

So ordered.

Date: April 5, 2006

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Deborah S. Adams
FROST BROWN TODD LLC
dadams@fbtlaw.com

Amy Ficklin DeBrota
PRICE WAICUKAUSKI RILEY & DEBROTA
adebrota@price-law.com

Jennifer L. Graham
jenniferlgraham@sbcglobal.net

Jack B. Harrison
FROST BROWN & TODD LLC
jharrison@fbtlaw.com

Alan L. McLaughlin
BAKER & DANIELS
alan.mclaughlin@bakerd.com

Katherine Cook Morgan
FROST BROWN & TODD LLC
kmorgan@fbtlaw.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com

David A. Skidmore Jr.
FROST BROWN & TODD LLC
dskidmore@fbtlaw.com

Jana K. Strain
PRICE WAICUKAUSKI RILEY & DEBROTA
jstrain@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com